

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

WILMA TURNER,

    Plaintiff,                 CASE NO.: 3:16-cv-911 TSL-RHW

-VS-

ALLY FINANCIAL, INC.,

    Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## INTRODUCTION

2.      The TCPA was enacted to prevent companies like ALLY FINANCIAL, INC., from invading American citizens' privacy and prevent abusive "robo-calls."

3.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." <u>Mims v. Arrow Fin. Servs., LLC</u>, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

5.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.      The alleged violations described herein occurred in Hinds County, Mississippi. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, residing in Jackson, Hinds County, Mississippi.

10.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Defendant is a Corporation which was formed in Delaware, with its principle place of business at 200 Renaissance Center, Detroit, Michigan 48265 and doing business in the State of Mississippi through its Registered Agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

12.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (601) *** - 1666, and was the called party and recipient of Defendant's hereinafter described calls.

13.     In or about Fall of 2014, Plaintiff began receiving calls to her aforementioned cellular telephone from Defendant both seeking to recover an alleged debt.

14.     Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (888) 235-9513, and (855) 856-2559, and when those numbers are called, a pre-recorded message answers "Thank you for calling Ally Financial. Your call may be monitored or recorded for quality purposes. We are attempting to collect the amount our records say you owe us now. Any information we obtain will be used for that purpose."

15.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called,

without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because when she answered a call from the Defendant she would hear either an extended pause before a representative would come on the line, or an automated message telling her the call was from Ally Financial, and to please hold the line for the next available representative.

16.     Furthermore, some or all of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

18.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19.     In or about January of 2015, Plaintiff received a call from the Defendant, met with an automated message, held the line, eventually was connected to a live representative, and informed that agent/representative of Defendant that she would pay when she was able, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

20.     During the aforementioned phone conversation in or about January of 2015 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's

aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

21.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

22.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

23.     Additionally, on or around June 13, 2016, due to continued automated calls to her aforementioned cellular telephone number from the Defendant, Plaintiff again answered a call from Defendant, met with an extended pause, was eventually connected to a live agent/representative of Defendant named "Felicia", told "Felicia" that if she needed to contact Plaintiff to do so by mail, and again demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

24.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express consent the Defendant may have had to call her aforementioned cellular telephone number.

25.     On at least ten (10) separate occasions, Plaintiff has answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.  Her principal reason for answering these calls and making these demands of Ally Financial was the cumulative injury and annoyance she suffered from the calls placed by Ally Financial.  These injuries are further described in paragraphs 29 through 35 herein.

26.     Each of the Plaintiff's requests for the harassment to end were ignored.

27.     From about January 1, 2015 through the filing of this Complaint, Defendant has placed approximately eight-hundred (800) actionable calls to Plaintiff's aforementioned cellular telephone number without her express consent, or as will be determined upon a thorough review of Defendant's records (please see attached **Exhibit "A"** representing a non-exclusive call log of twenty-seven (27) calls from June 13, 2016 to July 15, 2016).

28.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

29.     From each and every call placed without express consent by the Defendant to the Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

30.     From each and every call placed without express consent by the Defendant to the Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from the Defendant's call.

31.     From each and every call placed without express consent by the Defendant to the Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time.  For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop.  Even for unanswered calls, the

Plaintiff had to waste time to deal with missed call notifications and call logs that reflected the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

32.     Each and every call placed without express consent by the Defendant to the Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff.  For calls that were answered, the Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, the Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.  This also impaired the usefulness of these features of the Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33.     Each and every call placed without express consent by the Defendant to the Plaintiff's cell phone resulted in the injury of unnecessary expenditure of the Plaintiff's cell phone's battery power.

34.     Each and every call placed without express consent by the Defendant to the Plaintiff's cell phone resulted in the injury of a trespass to the Plaintiff's chattel, namely her cellular phone and her cellular phone services.

35.     As a cumulative result of Defendant's ceaseless barrage of unlawful calls to Plaintiff's aforementioned cellular telephone number, the Plaintiff suffered the injuries of annoyance, anxiety, intimidation, and emotional distress.

36.     Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

37.     Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

38.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

39.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

40.     Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

41.     Defendant violated the TCPA with respect to the Plaintiff.

42.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

43.     Plaintiff incorporates Paragraphs one (1) through forty-two (42) above as if fully set forth herein.

44.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after

Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

45.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

_____

Gregory J. Bosseler, Esquire
Mississippi Bar #:  105011
Morgan & Morgan, Jackson, MS
188 East Capitol St.
Jackson, MS  39201
Tele:  (601) 949-3388
GBosseler@forthepeople.com
rirby@forthepeople.com
Attorney for Plaintiff